# COUNTY OF FRANKLIN.

### ISABEL CURTIS *versus* JOEL HOBART.

Dower may be demanded and assigned by parol.

Dower may be assigned by a guardian.

By the Act of 1838, c. 342, a woman is entitled to dower, though divorced from her husband on the ground that he had become "a confirmed, habitual and common drunkard ;" but the statute cannot have a retro-active operation.

ON REPORT from *Nisi Prius.*

The facts appear in the opinion of the Court.

*R. Goodenow*, for plaintiff, contended that the defendant could not avail himself in defence, of the assignment of dower to the plaintiff and her husband, Curtis, by Russell, as guardian of the minor children of Quimby.

It is questionable whether that assignment was legally made, or binding on the parties to it. It does not appear the heirs or guardian were then in possession. However that may be, whatever right the plaintiff acquired by it, was subject to the control of her then husband, Curtis, who became entitled to the use of the same during the continuance of the marriage, *jure uxoris. Clapp* v. *Stoughton*, 10 Pick. 469.

This was in 1830, long before any of our statutes relating to the property of married women, were enacted.

As wife of Amos Curtis, the plaintiff is entitled to her dower in the remaining two-thirds. The divorce was decreed for his fault. R. S., c. 144, § 10.

*S. Belcher*, for the defendant.

1. The plaintiff is not entitled to dower as widow of Stephen Quimby.

The case shows, that dower was assigned to the plaintiff as widow of said Quimby, on the 23d day of November, A. D. 1830, in the same lands in which she now claims

dower.  The dower having been legally assigned and accepted by her, this action cannot be maintained.

"Dower may be demanded and assigned by parol." *Baker* v. *Baker*, 4 Maine, 67; *Conant* v. *Little*, 1 Pick. 189.

"A guardian may assign dower." *Jones & ux.* v. *Brewer*, 18 Mass. 314; *Young* v. *Tarbell*, 37 Maine, 509; R. S., c. 110, § 22.

If the plaintiff is illegally kept out of possession of the lands assigned her, it affords no grounds for the maintenance of this action.

2. The plaintiff is not entitled to dower as the divorced wife of Amos Curtis.

The divorce was asked for and decreed solely on the ground of the husband's being "a confirmed, habitual and common drunkard."

Nothing was asked for, nothing assigned out of the husband's estate at the time the divorce was decreed.

The husband had no interest in the premises at the time of the divorce, nor for a long time previous thereto, to wit: not since Dec. 24, A. D. 1836.

There was no law prior to that passed by the Legislature in 1838, c. 342, making a woman divorced from her husband for the cause of his being a drunkard, dowable in his estate. The premises having been conveyed by Curtis, the husband, prior to that enactment, are exempt from its operation. *Given* v. *Marr*, 27 Maine, 212.

GOODENOW, J. — This is a writ of dower, in which the plaintiff demands dower as the widow of Stephen Quimby, deceased.  The marriage, seizin during the coverture, and death of the said Quimby, are admitted; and also that dower was duly demanded, Nov. 24, 1854.  But it is contended upon this branch of the case, that the plaintiff is not entitled to maintain this action, because after the decease of said Quimby, she intermarried with one Amos Curtis, and that on the 23d of Nov. 1830, her dower was duly assigned to her by the guardian of the children of the said Stephen Quimby,

Curtis *v.* Hobart.

and that the same was set out to her by metes and bounds; and with that assignment the parties were all fully satisfied, and it was reduced to writing and signed by the plaintiff, by said guardian, and by said Amos Curtis, then husband of the plaintiff, and said assignment was accepted by the plaintiff, in full satisfaction of her dower in Stephen Quimby's estate. The writing was not recorded. Duplicates were made and signed, and the plaintiff took one and the guardian the other. It is not known where said writings now are.

It may be a misfortune to the plaintiff, that she has lost the evidence which she once had; but that cannot change the law.

It has been decided in this State, as it has in Massachusetts, that dower may be demanded and assigned by parol. *Baker* v. *Baker*, 4 Maine, 67; *Conant* v. *Little*, 1 Pick. 189; and also that a guardian may assign dower. 1 Pick. 313; 37 Maine, 509; R. S., c. 110, § 22.

Another question made in the case is, " can the plaintiff have dower as the divorced wife of Amos Curtis?" She was married to him in 1830, and divorced from him in 1852. He had no interest in the premises at the time of the divorce; and has had none since 1836. The cause of divorce was, that he had become "a confirmed, habitual and common drunkard." The statute of 1838, c. 342, made a woman dowable, who had been divorced for this cause, but it cannot have a retrospective operation. *Given* v. *Marr*, 27 Maine, 212.

According to the agreement of the parties, a nonsuit must be entered.         *Plaintiff nonsuit.*

TENNEY, C. J., and RICE, HATHAWAY, and CUTTING, J. J., concurred.